Selden, J.
The position of the moving counsel is, that the judgment of the Supreme Court, returned in answer to the writ of error, is not a final determination of that court, for the reason that a new trial is ordered in the court of Oyer and Terminer.
At common law no writ of error lay until after final judgment in any case, either civil or criminal, and we find nothing in the statutes applicable- to this case changing in any respect that rule. If, therefore, the judgment brought up by the writ of error, was not a final judgment, the writ must be dismissed. (The People v. Stearns, 23 Wend., 634; The People v. Merrill, 14 N. Y., 74.)
Ho case directly involving this question has been before the court in any criminal proceeding, but as the rule at common law was as inflexible in civil as in 'criminal cases, that no *149 writ of error lay until after final judgment, and as the statutes, notwithstanding the substitution of appeals for writs of error, has wrought no change in this respect, so far as this court is concerned (Code, §§ 4, 5, 11,325), we must regard the jurisdiction in both classes of cases, as resting upon substantially the same footing, with reference to the character of the judgments which the court is authorized to review; the appeal, under the Code, taking the place of the writ of error, in civil cases, at common law.
In Van Santvoord v. St. John (6 Hill, 157), the Supreme Court had reversed a judgment obtained in the Hew York Common Pleas, and awarded a venire de novo in the Common Pleas. On error to the Court for the Correction of Errors, that court denied a 'motion to dismiss the writ, holding that if the judgment of the Court of Common Pleas was right, and the Supreme Court had erroneously reversed it, awarding a venire de novo, the judgment of the latter court should be reversed, and that of the Common. Pleas restored, without waiting for a new trial; and that the writ of error was, therefore, well brought. The court proceeded to hear the case, and ultimately reversed the judgment of the Supreme Court, and affirmed that of the Common Pleas. The earlier case of Reab v. McAllister (4 Wend., 483; 8 id., 109), was in all respects like that of Van Santvoord v. St. John, but the question of jurisdiction was not raised in the Court for the Correction of Errors. Such also was the case of Hutton v. American Insurance Company (7 Hill, 321; 24 Wend., 330).
The correctness of the decision in Van Santvoord v. St. John, was recognized by the Supreme Court in Jackson v. Walker (6 Hill, 261), where a plaintiff in error in the Supreme Court, who had obtained the reversal of a judgment of the Superior Court of the city of Hew York, and an award of a venire de novo in that court, was ordered to perfect his judgment of reversal, to the end that the defendant in error might remove the record by a writ of error to the Court for the Correction of Errors.
Those decisions were followed in this court in the case of Messerve v. Sutton (3 Comst., 546), where a surrogate had dis *150 missed a proceeding instituted before him to bring executors to account, and the' Supreme Court, on appeal reversed his decision, and directed him to proceed with the account. It was held that the order of the Supreme Court was appealable to this court.
In the preceding case, Duane v. The Northern Railroad Co. (3 Comst., 545), a motion to dismiss an appeal from ah order made at a general term of the Supreme Court, reversing a judgment rendered at the circuit, before a single justice of that court, and awarding a new trial, was granted. The grounds of the distinction between the two cases are given in the case of Messerve v. Sutton, where it is said in regard to the latter ease, “ The proceeding not having arisen in the Supreme Court, the order of that court reversing the surrogate’s decree, was a final determination within the meaning of the Code (§§ 11-245), and therefore the appeal was well brought.”
The case of Wagner v. Reilly (4 How. Pr. R., 195), is in exact accordance with that of Messerve v. Sutton.
In Tompkins v. Soulice (7 How. Pr. R., 194), in this court the same principle was recognized, though the appeal was dismissed on the ground that the surrogate’s order appealed from to the Supreme Court, was not a final order. Chief Justice Ruggles in delivering the opinion in that case, mentions another case in this court where there had been a final judgment in the Common Pleas of Hew York, which was reversed on writ of error by -the Supreme Court, and a new trial ordered; and an appeal from the judgment of the Supreme Court to this court was held to be well brought. In that opinion the chief justice states the grounds on which the appeals were sustained in those cases to be, “ that the judgments of the Supreme Court were final as respected that court."
In case of Talbot v. Talbot (23 N. Y. 17)—the latest case in which this question has been presented here—an appeal from the judgment of the Supreme Court reversing, for error in law, a surrogate’s decree admitting a will to probate, and remitting the proceedings back to the surrogate, was held to be well brought to this court upon the authority of Messerve v. *151 Sutton; and substantially the same reason was given for sustaining it, as that given by Chief Justice RuGGLES, viz.: “ That the order of reversal in such a case is the final determination of the proceeding in the Supreme Court. Nothing remains to be done in that court, and if a new appeal is brought, from a second decree of the surrogate, it is a proceeding de novo, and not a continuance of the first appeal.”
The rule being thus established by a long series of decisions in civil cases, that a writ of error lies immediately to this court from a judgment of the Supreme Court, reversing a final judgment or decree of an inferior court, notwithstanding the judgment sought to be reviewed directs a new trial or other like proceeding in the inferior court; and seeing no reason for any distinction in this respect between civil and criminal cases, we think the writ of error properly brought.
It was objected that the judgment could not be regarded ás final, so long as the issue formed by the plea of not guilty, remains undisposed of. If the judgment had been against the prisoner on her special pleas, the judgment would not have been final, because only three out of four defences, which she had been allowed to interpose would have been overcome, and no final judgment could have been pronounced against her until all her alleged defences were shown to be unavailing. But the establishment of any one of such defences as a sufficient answer to the wholei indictment, rendered the others, whether good or bad, wholly immaterial, and entitled her to final judgment upon-the whole record.
In the People v. Murrill (14 N. Y., 74), one count of the indictment remained unanswered, and the Supreme Court was directed to dismiss its writ of error to the Oyer and .Terminer because the judgment of the latter court was not final; but it should be observed that this court instead of dismissing its own writ of error, retained it and reversed the judgment of the Supreme Court. That could only have been done on the ground above stated, that the judgment of the Supreme Court was final as to that court, although one issue remained undetermined in the court below.
*152 The writ of error was addressed to both the Supreme Court and the court of Oyer and Terminer, and the return was made by the county clerk, as ex officio clerk of both courts, in behalf of both, though it appears that he held the. record as clerk of the latter court.
It is the settled practice of the Supreme Court of the United States, which has power to review on writ of error, only the judgments of the courts of last resort in the states, where the record has been remitted by such court to an inferior court, to address its writ to such inferior court. (Gelston v. Hoyt, 3 Wheat., 246.) In this case, Story, J., delivering the opinion of the court, says: “ It may be directed to either court in which the judgment and record on which it is to act, may be found. The judgment to be examined, must be that of the highest court of the state having cognizance of the case, but the record of that judgment may be brought from any court in which it may be legally deposited, and in which it may be found by the writ.”
We think this decision applicable in principle, to the present case; and that, although this court can only review judgments of the Supreme Court in cases like the present, it must of necessity have the power to bring from an inferior court by its writ of error, the record of any judgment of the Supreme Court which it has. a right to review, and which in the course of legal proceedings has been remitted to such inferior court. Whether this is to be accomplished by addressing the writ to the inferior court, having possession of the record, or to the Supreme Court, leaving it to that court to obtain the record from the court below, or to both, as has been done in this case, it is not now necessary to decide, the record, duly authenticated, being returned in compliance with the writ, and all objections to the form of the writ, being expressly waived. Chancellor Walworth suggested, in a similar case (The People v. Stearns, 23 Wend., 236), that either of the two former courses might be pursued. Whether the first is admissible under the statutes in relation to writs of error in criminal cases, may admit of some question (2 R. S., p. 740, § 17), but it *153 is strongly recommended by its simplicity, and if not allowable where the record has been remitted to an inferior court, it is not easy to determine how the directions of section 20 requiring the clerk of the court with which the writ is filed to return a transcript of the record, can be complied with.
The motion to dismiss the writ of error must be denied.
Motion denied.
*155 CASE ARGUED AND DETERMINED nr the COURT OF APPEALS OF THE STATE OF NEW YORK, January Term, 1S63.